UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

AMERICAN SOUTHERN
INSURANCE COMPANY,

    Plaintiff,

v().                                    Case No:  5:15-cv-10-Oc-30PRL

DAN HOUSE ELECTRIC,
INC., et al.,

    Defendants.
_____/

## FINAL DEFAULT JUDGMENT

THIS CAUSE comes before the Court upon Plaintiff's Motion for Entry of Default Judgment (Doc. 12).  The Court, having reviewed the motion and Plaintiff's complaint, and being otherwise fully advised in the premises, concludes that the motion should be granted.

## BACKGROUND

On August 23, 2010, Defendants Dan House Electric, Inc. ("DHE"), a contractor, Daniel House, and Carissa House executed a general agreement of indemnity in favor of Plaintiff, as surety, by which they agreed to indemnify, exonerate, and hold harmless Plaintiff from loss incurred by Plaintiff by having issued a payment and performance bond on behalf of DHE.  (Doc. 1, Ex. A).  In return, Plaintiff issued a payment and performance bond (the "Bond") naming DHE as the principal and Johnson Controls, Inc. as the obligee

to secure DHE's performance and payment obligations regarding the Duval County Courthouse construction project to be completed in Jacksonville, Florida. (*Id.*, Ex. B).

According to Plaintiff, DHE did not fulfill its obligations on the construction project, and Plaintiff received a number of claims against the Bond. Specifically, Plaintiff alleges that it incurred $410,794.55 in losses as a result of claims levied against the Bond. (*Id.*, Ex. C). Furthermore, Plaintiff paid $61,009.66 in attorney's fees and related legal expenses and $49,760.19 in consultant's fees in investigating and defending against the claims. (*Id.*, Ex. C). Although Plaintiff demanded that Defendants fulfill their obligations under the indemnity agreement, Plaintiff alleges that Defendants failed and refused to comply with Plaintiff's request for indemnification pursuant to the indemnification agreement. (*Id.* at 4).

Accordingly, Plaintiff initiated this action against Defendants alleging claims for breach of contract for failure to indemnify Plaintiff pursuant to the parties' indemnity agreement (Count I) and common law indemnity (Count II). (Doc. 1). As of March 17, 2015, Defendants failed to answer or otherwise respond to Plaintiff's complaint. Consequently, a clerk's default was entered against Defendants. (Doc. 11). Plaintiff now seeks final default judgment against Defendants. (Doc. 12).

In support of its motion for final default judgment, Plaintiff submitted the affidavit of Edward Vollertsen, vice president of surety bond claims for Plaintiff, and Mr. Vollertsen's supplemental affidavit, which described the agreement between the parties and the damages suffered by Plaintiff as a result of Defendants' breach of the indemnity agreement. (Doc. 12, Ex. A; Doc. 13, Ex. A). Namely, Plaintiff seeks damages in the

amount of $521,564.40, consisting of $410,794.55 for claims paid, $49,760.19 in consultant's fees, and $61,009.66 in attorney's fees related to defending and investigating the claims. (Doc. 12, Ex. A; Doc. 13, Ex. A).

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 55, a two-part process exists for obtaining a default judgment. First, the party must obtain an entry of default from the clerk of court. Fed. R. Civ. P. 55(a). Second, "the party must apply to the court for default judgment." Fed. R. Civ. P. 55(b). Although "a default is not treated as an absolute confession by the defendant of his [or her] liability and of the plaintiff's right to recover, a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact." *Tyco Fire & Sec., LLC v. Alcocer*, 218 Fed. App'x 860, 863 (11th Cir. 2007) (internal quotation marks omitted). Thus, the court "must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Id.* Additionally, before entering a default judgment, a court has "an obligation to assure there is a legitimate basis for any damage award it enters." *Anheuser-Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2007).

Upon review of the pleadings, the Court is satisfied that the factual allegations of Plaintiff's complaint are well-pleaded and state a basis for relief. The Court also concludes that Plaintiff has presented a legitimate basis for the damages it seeks. Thus, under Federal Rule of Civil Procedure 55(b), the Court agrees that Plaintiff is entitled to default judgment and damages in the amount of $521,564.40.

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion for Entry of Default Final Judgment (Doc. 12) is GRANTED.

2. The Clerk is directed to enter Final Default Judgment in favor of Plaintiff and against Defendants in the amount of $521,564.40, consisting of $410,794.55 for claims paid, $49,760.19 in consultant's fees, and $61,009.66 in attorney's fees related to defending and investigating the claims. This amount shall accrue postjudgment interest at the federal statutory rate.

3. The Court reserves jurisdiction over the action until July 31, 2015, for the limited purpose of determining whether Plaintiff is entitled to attorney's fees for pursuing this action.

4. The Clerk is directed to close this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida, this 2nd day of April, 2015.

*[signature]*

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

4